IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CHRISTOPHER IOSELLO., | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 2454 |
| | ) | |
| LEIBLYS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Leiblys, LLC's ("Leiblys") motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Christopher Iosello ("Iosello") alleges that Leiblys does business as Culver's of Gurnee. Iosello also claims that Leiblys "accepts credit cards or debit cards for the transaction of business." (A. Compl. Par. 13). According to Iosello, he made a purchase from Leiblys using his credit card on or about January 21, 2007, and the receipt for the transaction contained the expiration date of Iosello's credit card. Iosello brought the instant action and includes in the amended complaint a claim alleging a willful violation of the Fair and Accurate Credit Transactions Act

1

("FACTA") amendment, 15 U.S.C. § 1681c(g), to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Leiblys moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "'if they do not, the plaintiff pleads itself out of court.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 2007 WL 2215764, at *2 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007)). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the

complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Kyle*, 144 F.3d at 455, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I. Willfulness

Leiblys argues that its motion to dismiss should be granted because the complaint "does not allege sufficient facts . . . to state a plausible . . . entitlement to relief for a willful violation of FACTA." (Mot. 3). FACTA is part of the FCRA and requires retailers to truncate credit card information on electronically printed receipts given to customers. 15 U.S.C. § 1681c(g)(1). Title 15, United States Code, Section 1681c(g) ("Section 1681c(g)") provides, in relevant part, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the

cardholder at the point of the sale or transaction" and applies only to electronically printed receipts. 15 U.S.C. § 1681c(g)(1) and (2). A defendant willfully violates the FCRA under 15 U.S.C. §1681n ("Section 1681n") if a defendant's violation was either done knowingly or recklessly. *See Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2208-10 (2007)(finding that liability under Section 1681n(a) for "willfully fail[ing] to comply" with FCRA covers both knowing and reckless violations of the statute and that "a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless").

Leiblys argues that Iosello has not pled facts sufficient to suggest that Leiblys willfully violated Section 1681c(g), but rather that Iosello pled facts which suggest that Leiblys negligently violated Section 1681c(g). However, Iosello alleges in the amended complaint that FACTA was enacted in 2003. (A. Compl. Par. 30). Further, Iosello claims that Leiblys provided Iosello "a computer generated receipt which displayed [Iosello's] card expiration date," after the effective date of FACTA. (A. Compl. Par. 11). Iosello also contends in the amended complaint that Leiblys knew, or should have known, of the enactment of FACTA and the FACTA requirements under Section 1681c(g) since "VISA, MasterCard, the PCI Security Standards Council – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed" Leiblys about the requirements of FACTA and the need for Leiblys to comply with the statute. (A.

Compl. Par. 32). Iosello further alleges in the amended complaint that a number of public statements have been made to the media by the credit card companies and that the credit card issuing organizations required compliance by merchants prior to FACTA's effective date. In addition, Iosello claims in the amended complaint that many of Leiblys' business peers and competitors programmed their card machines and devices to comply with FACTA. Finally, Iosello alleges that Leiblys violated FACTA by printing greater than five digits of a credit card number or the expiration date of the credit card on receipts for those individuals with whom Leiblys conducted business, even though Leiblys was aware of, and repeatedly informed about, the requirements under Section 1681c(g) requiring electronically printed receipts to have truncated credit card and debit card numbers and no expiration dates. Finally, Iosello alleges in the amended complaint that the United States Congress enacted FACTA in order to help prevent identity theft by individuals who steal the identity of others by acquiring one's credit card number and expiration date. We note that we are merely at the motion to dismiss stage and are ruling based upon the allegations in the complaint, which we must accept as true, and that Leiblys is not precluded from raising the issue of willfulness at the summary judgment stage. Therefore, we conclude that sufficient allegations have been pled in the amended complaint that "plausibly suggest" that Leiblys willfully violated FACTA. *Concentra Health Servs.*, 2007 WL 2215764, at *2.

II. Vagueness

Leiblys also argues that Section 1681c(g) is vague and that, as such, Leiblys could not have willfully violated FACTA. A law is void for being vague and ambiguous if it "fails to give fair warning of what is prohibited, if it fails to provide explicit standards for the persons responsible for enforcement and thus creates a risk of discriminatory enforcement, and if its lack of clarity chills lawful behavior." *Anderson v. Milwaukee County*, 433 F.3d 975, 978 (7th Cir. 2006); *see also Coe v. Cook County*, 162 F.3d 491, 496 (7th Cir. 1998)(stating that "[s]tatutes and other enactments present a constitutional issue of vagueness when they deter constitutionally protected activity, fail to provide even minimum guidance as to people's legal obligations, or give law enforcers excessive discretion that might be exercised in arbitrary or invidious ways"). A statute that regulates economic activity "is subject to a less strict vagueness test [than criminal statutes] because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982). Further, "[t]he fact that Congress might, without difficulty, have chosen clearer and more precise language equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." *United States v. Powell*, 423 U.S. 87, 94 (1985). Thus, Section 1681c(g) must be sufficiently clear that its prohibitions would be understood by an ordinary person operating a profit-driven business. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 629 (1984)(noting that the "void-for-vagueness doctrine

reflects the principle that a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law").

Leiblys proposes three different statutory interpretations in support of its contention that Section 1681c(g) is vague and ambiguous. However, the plain language of Section 1681c(g) has only one reasonable meaning. Section 1681c(g) provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g). The plain meaning of the statute is that a merchant shall not print more than the last 5 digits of the credit card number upon any receipt *and* a merchant shall not print the expiration date upon any receipt. In other words, a retailer must print no more than five digits of a card number, and a retailer must also remove the expiration date from the credit card receipt. Printing either more than five digits of the credit card number or the expiration date of the credit card violates Section 1681c(g).

Leiblys has proposed various readings of Section 1681c(g) in support of its contention that Section 1681c(g) is vague and ambiguous. However, each of Leiblys' proposed interpretations of Section 1681c(g) statute are without merit. For example, Leiblys' suggestion that Section 1681c(g) could be interpreted as stating

7

that "no person shall print . . . more than the last five digits of the card number on the receipt . . . *and* . . . [no person shall print] more than the last five number of the expiration date on the receipt," (Mot. 13)(emphasis in original), is impractical since credit card expiration dates contain generally four digits (e.g., 09/08) or, at time, six digits (e.g., 09/30/08 or 09/2008). In addition, if Section 1681c(g) were read to allow a business to print the expiration date on a receipt so long as the credit card number is truncated, as suggested in one of Leiblys' interpretations, the language of Section 1681c(g) containing the phrase "or expiration date" would be rendered meaningless. 15 U.S.C. § 1681c(g). Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another by obtaining one's credit card number and the expiration date of that credit card. Businesses generally require one's credit card number and the expiration date of that credit card to transact business. Access to both the credit card number and the expiration date of that credit card makes it easier for a thief to commit identity theft. The existence of a law prohibiting the printing of more than the last five digits of the credit card number makes it difficult for a thief to obtain the victim's credit card number. The existence of a law prohibiting the printing of the expiration date of a credit card makes it even more difficult to commit identity theft. Leiblys' alternative readings of Section 1681c(g) do nothing to further these goals. Thus, Leiblys has not met its burden to show that Section 1681c(g) is vague and ambiguous. *See Koutnik v. Brown*, 456 F.3d 777, 781 (7th Cir. 2006)(noting that a party challenging a statute

on vagueness grounds "must demonstrate that the law is impermissibly vague in all of its applications").

III. Class Claims

Leiblys also makes various references to the potential class action allegations in the amended complaint. However, such arguments are premature as Iosello has not moved for class certification. Any arguments regarding the appropriateness of class certification should be raised if Iosello moves to certify a class pursuant to Federal Rule of Civil Procedure 23.

**CONCLUSION**

Based on the foregoing analysis, we deny Leiblys' motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 22, 2007